UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JACKIE W. STONE**                                                                                                **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO.  1:22-CV-P109-GNS**

**SHANDA WEST-STILES** *et al.*                                                                        **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action.  The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Jackie W. Stone is incarcerated at the Larue County Detention Center (LCDC).  He names the following as Defendants in this action – Shanda West-Stiles, his "court-appointed attorney"; Daniel Cameron, Kentucky Attorney General; and Diane Ford-Benningfield,[1] the mayor of Campbellsville, Kentucky.  Plaintiff sues Defendants in both their official and individual capacities.

Plaintiff alleges that Defendant West-Stiles failed to disclose to the judge and the "Commonwealth" in his state-court criminal proceeding that she also represented an individual in another case whom Plaintiff alleges "let[] me use his aunt hauling trailor."  Plaintiff alleges that this alleged failure violated his constitutional rights.  As to the other Defendants, Plaintiff states, "Defendants named in this law suite is the chain of command and is accountable for the actions of their staff the responsibility fall on their superior's and responsable for insuring the above does not take place.  Their failure to do so violated my constitutional rights . . . ."

---

[1] Plaintiff spells this Defendant's last name as "Ford-Benningfield" and "Ford-Binningfield" in the complaint.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant West-Stiles

It is firmly established that a defense attorney, regardless of whether she is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, because she is not a state actor, the constitutional claims against Defendant West-Stiles must be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendant Cameron

The Court next turns to Plaintiff's claims against Kentucky Attorney General Daniel Cameron. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). Thus, Plaintiff's official-capacity claim against Defendant Cameron must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from suit.

As to Plaintiff's individual-capacity claim against Defendant Cameron, even if he were Defendant West-Stiles' supervisor and/or otherwise responsible for her actions as Plaintiff alleges, Plaintiff's claim against him fails. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; Loy v. Sexton, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory

liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, because the complaint contains no allegations that Defendant Cameron was actively involved in the alleged violation of Plaintiff's constitutional rights and because Plaintiff's claim against him is based solely on his "supervisory role" as Kentucky's Attorney General, Plaintiff's individual-capacity claim against him fails to state a claim upon which relief may be granted.

### C. Defendant Ford-Benningfield

Finally, the Court turns to Plaintiff's claims against Defendant Ford-Benningfield, who he indicates is the mayor of the City of Campbellsville. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell*, 436 U.S. at 691, n.55). Thus, any official-capacity claim against Defendant Ford-Benningfield is actually against the City of Campbellsville. When a § 1983 claim is made against a municipality the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Here, Plaintiff does not allege that any alleged constitutional violation was the result of a custom or policy implemented or endorsed by the City of Campbellsville. Thus, Plaintiff's official-capacity claim against Defendant Ford-Benningfield must be dismissed for failure to state a claim upon which relief may be granted.

As to Plaintiff's individual-capacity claim against Defendant Ford-Benningfield, it is clear that he seeks to hold her liable based upon his belief that she is a supervisor of Defendant West-Stiles. Even if this assumption were true, Plaintiff's claim would fail for the same reasons that his individual-capacity claim against Defendant Cameron fails – because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. The Court, therefore, will also dismiss this claim for failure to state a claim upon which relief may be granted.

### IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: October 5, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4416.011